IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| REGINALD TREVON MITCHELL, | : | |
| Plaintiff, | : | |
| VS. | : | 7 : 13-CV-140 (HL) |
| MARTY ALLEN, and BRIAN OWENS, | : | |
| Defendants. | : | |

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by the Defendants. (Doc. 13). The Court notified the Plaintiff of the filing of the Defendants' Motion to Dismiss and directed him to respond thereto within thirty (30) days of the Court's Order. (Doc. 16). The Plaintiff has not responded to this motion.

Plaintiff filed this action in October 2013, raising allegations regarding the conditions of his confinement at Valdosta State Prison as they relate to the provision of vegan meals. (Doc. 1). Plaintiff maintains that he is being denied vegan meal choices, and is forced to either eat meat or go hungry. (Docs. 1, 6).

Defendants have filed a Motion to Dismiss, asserting in part that the Plaintiff knowingly provided the Court with erroneous information regarding his past legal filings and lawsuits, and therefore abused the process of this Court. (Doc. 13).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the

>plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiff filed his initial Complaint on October 21, 2013, without using the Court's required 42 U.S.C. § 1983 form. (Doc. 1). The Court ordered the Plaintiff to complete and submit a § 1983 form if he wished to proceed with his claims. (Doc. 5). The Defendants direct the Court's attention to the Plaintiff's supplemental Complaint, and point out that in filing his supplemental Complaint with this Court on November 18, 2013 (Doc. 6), the Plaintiff failed to disclose his previously filed lawsuit with this Court, thereby abusing the judicial process. In his supplemental Complaint, Plaintiff responded "No" to the following question:

>6. Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?

(Doc. 6, p. 2).

The Defendants assert that the Plaintiff had, in fact, at the time he filed this lawsuit, previously filed a lawsuit in this Court, raising Eighth Amendment claims against a Valdosta State Prison correctional officer.  (Doc. 13); *see Mitchell v. Cobb*, Civil Action No. 7 : 13-CV-119 (HL) (M.D.Ga.) (filed September 3, 2013 and dismissed September 10, 2013 based on failure to state a claim).   Thus, the Defendants maintain, the Plaintiff failed to disclose prior litigation when he filed this lawsuit and submitted a false statement in answering "No" to the question regarding prior lawsuits, thereby abusing the judicial process.

      The Plaintiff has not responded to the Defendants' contentions.   The Court notes that by virtue of the Order providing notice of Defendants' Motion to Dismiss, the Plaintiff has been provided with notice and a reasonable opportunity to respond to Defendants' contentions.  *See Hood v. Tompkins*, 197 Fed.Appx. 818, 819 (11th Cir. 2006) (plaintiff's opportunity to file objections to Magistrate Judge's report satisfied notice requirement).    Based on the evidence available to the Court, the Court takes judicial notice of *Mitchell v. Cobb*, Civil Action No. 7 : 13-CV-119 (HL) (M.D.Ga.), filed in this Court by the Plaintiff but not disclosed by the Plaintiff in this lawsuit.

      In *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Eleventh Circuit specifically upheld a dismissal based on abuse of process, wherein the inmate plaintiff had failed to fully disclose all prior litigation on his civil complaint form.   Additionally, in *Hood*, 197 Fed.Appx. at 819, the Court upheld a sanction of dismissal based on a prisoner plaintiff's failure to disclose prior lawsuits, finding the relevant complaint form question unambiguous in requiring the disclosure of other lawsuits filed in federal court.   The Court's discretion to dismiss a case without prejudice pursuant to 1915(e)(2)(B)(i) has

been exerted and upheld on multiple occasions.  *See Shelton v. Rohrs*, 2010 WL 5122580 (11th Cir. Dec. 15, 2010) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Young v. Sec'y. Florida for Dep't. of Corrections*, 380 Fed.Appx. 939 (11th Cir. 2010) (affirming dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986) (noting that court had discretion to dismiss suit without prejudice under 28 U.S.C. § 1915 based on a false allegation of poverty); *Wells v. McNiff*, 2010 WL 3927773 (M.D.Ga. Oct. 4, 2010)(CDL) (dismissing complaint as frivolous under 1915(e)(2)(B)(i)); *Pickett v. Yu*, 2006 WL 3694645 (N.D.Fla. Dec. 13, 2006) (dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of process based on plaintiff's failure to disclose prior litigation); *Tucker v. Santa Rosa County Sheriff's Dep't.*, 2007 WL 1245899 (N.D.Fla. April 25, 2007) (upholding dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of judicial process); *Williamson v. Hamelton*, 2007 WL 1746916 (N.D.Fla. June 15, 2007) (dismissal pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation).

In *Redmon v. Lake County Sheriff's Office, et al.,* 414 Fed.Appx. 221 (11th Cir. 2011), the Eleventh Circuit provided additional directives regarding cases involving abuse of judicial process.  In *Redmon*, the lower court had determined that the plaintiff's false response to a complaint form question was an abuse of judicial process and that dismissal of his suit without prejudice was a proper sanction therefore.  *Id.* at 222.  The Eleventh Circuit found that "a district court may impose sanctions if a party knowingly files a pleading that contains false contentions", and that "[a]lthough pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules." *Id.* at

225-26.

The Eleventh Circuit affirmed the district court's dismissal of plaintiff's complaint, finding that:

> [a]fter review of the record and consideration of Plaintiff's brief, we find no abuse of discretion. Plaintiff failed to disclose the lawsuit he filed in Colorado district court, in which he brought claims relating to the conditions of his imprisonment in a Colorado jail and which he filed prior to the Amended Complaint. . . . The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit - that he misunderstood the form - did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction. The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment. The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so.

*Id.* at 226.

The complaint form questions at issue in the *Redmon* case are similar to the complaint form question at issue herein, and asked:

> Have you initiated other lawsuits in state [or federal] court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?

*Id.*

The Eleventh Circuit ruled in *Redmon* that this question as posed, "clearly asked Plaintiff to disclose previously filed lawsuits . . . otherwise relating to his imprisonment" and that an explanation of misunderstanding the form "did not excuse the misrepresentation" in responding falsely thereto. *Id.*

The Court notes that the Plaintiff also provided a false answer to Question 8 on the

5

supplemental Complaint form, when he answered "No" to the question:

> AS TO <u>ANY</u> LAWSUIT FILED IN <u>ANY</u> FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?

(Doc. 6, p. 3, *emphasis in the original*).

When Plaintiff filed his supplemental Complaint herein, his previous lawsuit filed in this Court had already been dismissed for failure to state a claim. *Mitchell v. Cobb*, Civil Action No. 7 : 13-CV-119 (HL) (M.D.Ga.).

The Court is entitled to rely on Plaintiff's statements in his Complaint, and to rely on their veracity. *Redmon*, 414 Fed.Appx. at 226. "The court will not tolerate false responses or statements in any pleading or motion filed before it . . . If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the [complaint] form." *Tucker v. Santa Rosa County Sheriff's Dep't.*, 2007 WL 1246021 (N.D.Fla. April 13, 2007).

It is within this Court's discretion to find that Plaintiff's Complaint should be dismissed without prejudice due to Plaintiff's abuse of the judicial process. *Young,* 380 Fed.Appx at 941 ("the district court did not abuse its discretion when it sanctioned Young for failing to disclose his prior cases"). Based on the Plaintiff's failure to disclose his prior lawsuit in his supplemental Complaint, and providing false answers to Questions 6 and 8 on the supplemental Complaint form, it is the finding of the undersigned that Plaintiff has abused the judicial process herein. Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be GRANTED and the Plaintiff's Complaint be **DISMISSED** as to all named Defendants pursuant to

28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 18th day of April, 2014.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb